IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

v.                          4:09CR00265-03-BRW

SAMUEL GAYLON BAGGETT

### ORDER DENYING DEFENDANT BAGGETT'S MOTIONS FOR ACQUITTAL AND NEW TRIAL

Pending are Defendant Baggett's Motions for a Judgment of Acquittal and for a New Trial (Doc. No. 194). The Prosecution has responded.[1] For the reasons that follow, Defendant's Motions are DENIED.

Mr. Baggett moves for a judgment of acquittal under Fed. R. Crim. P. 29 and for a new trial under Fed. R. Crim. P. 33 on Count 6 (aiding and abetting a felon in possession of a firearm), Count 7 (false statement to federal agents), and Count 9 (conspiracy to dispose of ammunition to a felon). He contends there was insufficient evidence to sustain convictions on these counts. At the close of the Prosecution's case, and at the close of all the evidence, I denied motions for a judgment of acquittal as a matter of law—this was because I believed the evidence was sufficient to support sending the case to the jury for a determination. I am still of this mind, so the motion based upon this ground will be denied.

Mr. Baggett asks for a new trial because, he alleges, the Prosecution failed to disclose to him before trial that Prosecution witness Ms. Dara Booth had been committed to the Arkansas State Hospital by court order in 1997. As the Prosecution notes in its response to Mr. Baggett's motion, information regarding this civil commitment case was equally available to both sides, i.e., it was a public record on file with the Pulaski County Circuit Clerk's office. Additionally,

---

[1] Doc. No. 195.

even if the filing or granting of such a petition (the parties disagree as to whether the petition for involuntary commitment was granted, but for present purposes this is irrelevant) would be admissible under some circumstances (which I doubt[2]), it would be excluded here under Fed. R. Evid. 403 (weak probative value, remote, undue prejudice).  So, this motion will be denied.

Mr. Baggett was acquitted on Count 2 (knowingly disposing of a firearm to a felon), Count 3 (false statement by a federally licensed firearms dealer), and Count 4 (false statement to federal agents).  He contends that these acquittals and the convictions under Counts 6, 7, and 9 reflect inconsistent verdicts.  They do not.  As the Prosecution correctly points out in its response, the counts upon which Defendant was acquitted included some different, separate elements as compared to the counts upon which he was convicted—ergo the verdicts were not inconsistent and Defendant's Motion will be denied.

Taking the record as a whole, Defendant Baggett's Motions for a Judgment of Acquittal and for a New Trial should be, and hereby are, DENIED.

IT IS SO ORDERED this 20th day of January, 2011.


/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[2]See *McCormick on Evidence* § 44, at 206 (Kenneth S. Broun ed., 6th ed. 2006).